UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONA BEHMLANDER,

    *Plaintiff*,　　　　　　　　　　CASE NO. 12-CV-14424

v.　　　　　　　　　　　　　　　DISTRICT JUDGE THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*
(Doc. 4)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis* be **DENIED**.

### II.   REPORT

Pending, pursuant to an order of reference for general case management from United States District Judge Thomas L. Ludington issued on October 9, 2012 (Doc. 3), is Plaintiff's Application to Proceed *In Forma Pauperis*. This report and recommendation is filed pursuant to *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990) (holding that magistrate judges lack authority to deny pauper status).

Since 1892, federal courts have possessed statutory power under 28 U.S.C. § 1915 to authorize commencement of civil actions *in forma pauperis* ("IFP"). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed

without having to advance the fees and costs associated with litigation. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981). An indigent litigant seeking to proceed IFP must file an affidavit that includes a statement of that person's assets and his inability to pay fees. *See* 28 U.S.C. § 1915(a)(1). If the court grants the motion to proceed IFP, the litigant is excused from prepayment of filing fees. *Id.* A court may also direct the United States to pay expenses associated with printing records and transcripts, *id.* § 1915(c), and will order court officers to carry out duties associated with service of process. *Id.* § 1915(d).

In *Adkins v. E.I. DuPont de Nemours, Inc.*, 335 U.S. 331, 69 S. Ct. 85, 93 L. Ed. 43 (1948), the United States Supreme Court held that one need not be absolutely destitute to enjoy the benefit of proceeding IFP. *See also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000). An affidavit to proceed IFP is sufficient if it states that one cannot, because of his or her poverty, afford to pay for costs of litigation and still provide herself and her family the necessities of life. *Adkins*, 335 U.S. at 339. Proceeding IFP "is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).

In determining IFP eligibility, "courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006). Assets include equity in real estate and automobiles. *United States v. Valdez*, 300 F. Supp. 2d 82, 84 (D. D. C. 2004). In addition, "[f]ederal courts, which are charged with evaluating IFP Applications, have consistently considered not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family members." *Helland v. St. Mary's Duluth*

2

*Clinic Health System,* No. 10-31 (RHK/RLE), 2010 WL 502781, at *1, n.1 (D. Minn. Feb. 5, 2010); *accord Caldwell v. Providence Family Physician (Tillman's Corner) Seton Medical Management*, 2005 WL 1027287, *2 (S.D. Ala. Apr. 29, 2005)(the ability to cover the costs of litigation and the necessities of life "has consistently depended in part on [the] litigant's actual ability to get funds from a spouse, a parent, and adult sibling or other next friend."); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002)(courts consider "the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the necessities of life,' such as 'from a spouse, parent, adult sibling, or other next friend.'").

The income of the party's spouse is particularly relevant and failure to disclose a spouse's income may result in denial of IFP status. *Onischuk v. Johnson Controls, Inc.*, 192 Fed. Appx. 532, 2006 WL 1307456 (7th Cir. May 3, 2006)(affirming denial of IFP status where Plaintiff refused to disclose wife's income on affidavit); *Upshur v. M/I Schottenstein Homes, Inc.*, 202 F.3d 262, 1999 WL 1221393 (4th Cir. Dec. 21, 1999)(affirming denial of IFP status where Plaintiff failed to provide information about his wife's income).

In this case, Plaintiff indicates that her husband's monthly income is $2,500, and that she has an ownership interest in her house valued at $30,000. (Doc. 4 at 2.) In addition, Plaintiff indicated that she has no dependents. (*Id.*) In light of these assets, I suggest that Plaintiff possesses the financial ability to cover the costs of litigation without undue financial hardship.

Financial ability has been found, and thus IFP applications denied, where the applicant's assets were less than those shown in this application. *See, e.g., Brown v. Dinwiddle*, 280 Fed. App'x 713, 715-16 (10th Cir. 2008) (denying IFP application where plaintiff had $850 in his savings account and could thus afford the $455 filing fee for his appeal); *Whatley v. Astrue*, No. 11-CV-1009 (NAM/ATB), 2011 WL 5222908, at *1 (N.D.N.Y. Oct. 14, 2011)(denying IFP

application where, after child support and other obligations were accounted for, the plaintiff retained $36,000 per year in disability income); *Ficken v. Golden*, No. 09-0071, 2009 WL 637001, at *1 (D.D.C. Mar. 9, 2009)(denying IFP application where the plaintiff complained of a "negative cash flow situation" but also reported a pension in the amount of $16,440, social security benefits of $10,340, interest income of $200, rental payments of $11,560, rebates and sales of $500 over the past twelve months, ownership of a rental house, and ownership in a family farm valued at $32,800); *Powell v. Harris*, No. 1:08-CV-344, 2008 WL 4279494, at *3 (N.D.N.Y. Sept. 15, 2008) (denying IFP application where the plaintiff earned $18,200 per year and had $1,500 in his savings account); *Bloom v. San Diego County Offices of Health & Human Servs.*, No. 07-CV-1692W(RBB), 2007 WL 2782562 (S.D. Cal. Sept. 25, 2007) (denying IFP status where the plaintiff had no dependents and owned a vehicle outright); *Goldstein v. Timoney*, No. 01-481, 2001 WL 179868 (E.D. Pa. Feb. 20, 2001) (denying IFP status where the plaintiff reported an annual income of $6,061.56 and could afford a post office box rental fee).

In light of the above facts and case law, I suggest that Plaintiff has not demonstrated that, because of her poverty, she is unable to pay for the costs of her litigation and still provide for herself. Accordingly, I suggest that Plaintiff's application be denied because her access to court is not blocked by her financial condition, but rather she is properly in the position of having to weigh the financial constraints posed by pursuing her complaint against the merits of her claims.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another

4

party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                      s/ **Charles E. Binder**
                                                     CHARLES E. BINDER
Dated: October 16, 2012                           United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

Date: October 16, 2012                                       By    s/Patricia T. Morris
                                                                       Law Clerk to Magistrate Judge Binder